## DAVENPORT v. SCHUTT.

1. **Evidence:** BURDEN OF PROOF: ACCOUNTING.   The defendant had negotiated at various times plaintiff's notes, the proceeds of which he claimed to have paid the plaintiff on different occasions; in an action by the plaintiff to recover an amount he alleged to be still in defendant's hands, it was *held* that the rendering of an account was as much the duty of plaintiff as defendant, and that the burden was not upon the defendant to make an accounting.

*Appeal from Scott District Court.*

THURSDAY, SEPTEMBER 20.

IN the years 1874 and 1875 the plaintiff borrowed, of different parties, large amounts of money.   He employed defendant as his agent to procure loans by negotiating plaintiff's promissory notes.   Said notes were from time to time placed in defendant's hands and were by him sold and discounted.   As these notes fell due other notes of the plaintiff were negotiated, by discount or renewal, for the purpose of taking up, or carrying, the loans for plaintiff's benefit.   This suit was brought by plaintiff to recover a large amount arising from said transactions, which he claimed defendant failed to account for, and pay over to plaintiff.   The defendant, in his answer, denied that he was in any manner indebted to plaintiff, and averred that he faithfully and honestly accounted for, and paid to plaintiff, all the money which came into his hands belonging to plaintiff.   By consent of the parties, the cause was referred for trial to Hon. Jas. B. Edmonds.

The parties appeared before the referee and a trial was had, and the report of the referee, so far as it is material to the questions now presented, is as follows:

" The dealings between the parties at first consisted of single transactions, in which defendant, Schutt, procured the discount of plaintiff's notes for cash, or other notes of the plaintiff, followed by an immediate report of the result to plaintiff, and a settlement and payment of what might be due either at the time.   The conduct of the business subsequently changed,

and defendant, Schutt, was intrusted with numerous notes of the plaintiff, to negotiate for cash, or for renewals, with reports less frequent and more general in their nature, without any itemized statement. During six weeks from January 25, 1875, the plaintiff was unable, from sickness, to attend to business, and since May, 1874, to the present, plaintiff's memory has been, to some extent, impaired, the effect of a physical injury. Neither party has kept account of the transactions in writing.

"Defendant testifies, generally, that he paid and disposed of all sums realized by him from plaintiff's notes as directed by the plaintiff, but, in many instances, is unable to state to whom, when, and for what paid, and some of the alleged payments were made by leaving money with others, in envelopes, for the plaintiff to call and receive.

"While no sufficient reason is shown to doubt the veracity of defendant, Schutt, and credit is usually given him where he professes to recollect a particular transaction or fact, I hold it to be an insufficient accounting, in this case, merely to testify that money was paid to or for the plaintiff's use, with no specifications given, and nothing to show that plaintiff actually received the money or credit; and in such case, where I was unable to find anything in addition, tending to show it probable that plaintiff received the money or credit, it has been disallowed to the defendant.

"If, in the opinion of the court, this is a mistaken view, then judgment should be given in favor of the defendant for costs. For convenience I have numbered the items or notes in schedule A, attached to plaintiff's petition, from 1 to 163, consecutively."

The referee then proceeded to state an account between the parties, and found the defendant indebted to the plaintiff in the sum of $1,342.43, for which sum he recommended judgment be rendered against the defendant. The plaintiff filed a motion in the court below for judgment upon the report of the referee. The defendant filed a motion which is as follows:

"The report of the referee herein having been filed, the

said defendant, Julius Schutt, moves the court for judgment in favor of this defendant for costs, on the findings contained in the said report, notwithstanding the general finding of said referee, that this defendant is indebted to the plaintiff in the sum of $1,342.43; for that, on the facts found by said referee, the said referee erred in finding that, as matter of law, this defendant has not accounted for said moneys. 2. The referee erred in his findings, Nos. 4 and 8, the same being contrary to the law and the evidence.

"Wherefore, said defendant prays the judgment of the court that complainant's bill of complaint be dismissed, with costs."

The court overruled the plaintiff's motion for judgment in his favor, and sustained the motion of the defendant for judgment upon the report of the referee. Judgment was rendered against the plaintiff for costs. Plaintiff appeals.

*Putnam & Rogers*, for appellant.

*Brown & Campbell* and *Cook & Richman*, for appellee.

ROTHROCK, J.—I. One H. C. Wales was made a party defendant. The petition charged that he was a partner of defendant, Schutt, in the business transacted for plaintiff. The referee found that there was no such partnership, and no finding was made against him. No exceptions were taken to this finding, and the controversy now is between the plaintiff and defendant, Schutt.

II. It will be observed, from a reading of the foregoing statement of the case, that the evidence upon which the report of the referee was based is not presented for our consideration. The whole case turns upon the proper construction to be given to the report of the referee. The arguments of counsel for the respective parties, with characteristic ability, cover every conceivable phase of the question presented. To discuss the numerous points made by counsel, and follow the arguments step by step, we do not regard as necessary to a proper determination of the case. It may be proper to say, however, that we have been very greatly aided by counsel in arriving

at what we believe to be a just determination of the contro-
versy. We will, therefore, state the conclusion to which we
have arrived, and the reasons therefor, as briefly as may be
without a statement of the points urged in argument.

III. The meaning and intent of the referee should be gath-
ered from the whole report taken together and not from any

**1. EVIDENCE:
burden of
proof: ac-
counting.** one part or paragraph. It should be construed by
its language, and if that be of doubtful meaning
the attendant circumstances should be taken into
consideration. The report states that: "Defendant testifies,
generally, that he paid and disposed of all sums realized by
him from plaintiff's notes as directed by the plaintiff, but in
many instances is unable to state to whom, when, and for what
paid, and some of the alleged payments were made by leaving
money with others, in envelopes, for the plaintiff to call and
receive.

"While no sufficient reason is shown to doubt the veracity of
defendant, Schutt, and credit is usually given him where he
professes to recollect a particular transaction or fact, I hold it
to be an insufficient accounting, in this case, merely to testify
that money was paid to or for the plaintiff's use, with no spec-
ifications given, and nothing to show that plaintiff actually
received the money or credit, and in such case where I was
unable to find anything in addition, tending to show it proba-
ble that plaintiff received the money or credit, it has been dis-
allowed to the defendant.

"If, in the opinion of the court, this is a mistaken view, then
judgment should be given in favor of the defendant for costs."

It is evident that the referee reserved a question for the
determination of the court. If it be a mere question of fact
we do not think such reservation competent or proper. If, for
instance, the referee had reserved for the determination of the
court the question as to whether the statement thus generally
testified to by defendant was true or false, this would be no
determination by the referee of such question of fact, and the
result would have been no trial before the referee.

But we think it is competent for the referee to report to the
court his ruling upon a question of law, and state that if such

ruling is correct then the defendant is liable, but if in the opinion of the court such ruling is incorrect, the defendant is not liable; and that upon such report being made the court may determine the question of law, and render judgment on the report in conformity with such determination.

As we understand the report, this is precisely what was done by the referee and the court below. Defendant testified, generally, that he had paid and disposed of all sums realized by him from plaintiff's notes *as directed by the plaintiff*, but in many instances was unable to state particulars as to persons to whom and for what paid. This the referee held to be an insufficient accounting, not because defendant was not entitled to credit as a witness, and not because the testimony of defendant was incompetent evidence, but because it was, in law, an insufficient accounting in this character of case, unless the testimony of defendant was in some manner corroborated by other evidence. There certainly could have been no evidence of a negative character, showing that the defendant did not in fact pay over all sums due as directed by plaintiff, or the referee would not by his report have submitted the question to the court for its determination, with the recommendation that, if mistaken as to the sufficiency of the accounting, judgment should be given for defendant.

IV. The subsequent findings of fact by the referee are all based upon the idea that the view taken by him of the legal sufficiency of the evidence was correct. If found to be incorrect, the report must be held to conclude with that part of it which recommends a judgment for defendant.

V. The question remains whether there is anything in the nature of the case which required a more particular accounting, upon the part of defendant, than the general statement made under oath as found by the referee. The referee seems to have thought a more particular accounting necessary, from the fact that he says: "I hold it to be an insufficient accounting *in this case*." It is true that the petition entitles the cause as an equitable action, and it asks that an account be taken; but we think the transactions between the parties, as found by the referee, did not create such relations of confidence or trust

as required the defendant to keep an account, and be held responsible for failure to show an itemized statement of the transactions between the parties.

The parties as to these transactions stood upon equal ground. The plaintiff was a borrower and personally in need of the immediate use of the proceeds of the notes discounted for him. There was no more obligation upon the defendant to keep books of account relating to this business than there was upon plaintiff. It is not like a case where money is intrusted to an agent to loan at his discretion, and after a time an accounting is required by the principal. In short, we think the case is not of that character that the rendering of an account upon the trial was a duty which one party was required to perform rather than the other.

Believing that the character of the evidence to maintain the defense was not other or different than that required in any ordinary action, we hold the ruling of the court below was correct.

AFFIRMED.