## THE STATE OF IOWA,

### DES MOINES, DECEMBER TERM, A. D. 1880.

IN THE THIRTY-FOURTH YEAR OF THE STATE.

PRESENT:

HON. AUSTIN ADAMS, CHIEF JUSTICE.
" WILLIAM H. SEEVERS,
" JAMES G. DAY,
" JAMES H. ROTHROCK,  } JUDGES.
" JOSEPH M. BECK,

### WEBB v. FORDYCE.

1. **Partnership:** ACCOUNTING BY PARTNER. It is the duty of a partner who draws from the partnership funds for use in the business of the firm to keep an accurate and full account showing the disposition of the money so drawn, and he is chargeable with all sums not so accounted for; general testimony to the fact that they were used for the benefit of the partnership is not a sufficient accounting.

*Appeal from Taylor District Court.*

### TUESDAY, DECEMBER 7.

IN October, 1874, the plaintiff and defendant entered into partnership for the purpose of dealing in live-stock. There

was no written contract of partnership. No capital stock was put into the firm at the commencement of the business. The members of the firm were to share equally in the profits and losses of the partnership. Quite a large amount of business was transacted by the firm up to January, 1877, when the partnership was dissolved. The partners being unable to make a settlement as between themselves, this action was brought to effect that end. Each of the parties claimed that the other was indebted to the firm, and after the issues were made up the cause was referred to a referee to take the testimony and report his findings to the court. A trial was had before the referee, and his report was set aside by the court. The cause was referred to another referee. Another trial was had, and the referee reported that the plaintiff was entitled to judgment against the defendant for the sum of $1,119.23, and interest from Jan. 31, 1877. Exceptions to the report were overruled, and judgment was entered thereon. Defendant appeals.

*Lyman Evans*, for appellant.

*Crum & Flick* and *Whiffin & Brown*, for appellee.

ROTHROCK, J.—It appears from the report of the referee that the money used in the business of the partnership was kept on deposit in certain banks, and that "each member of the firm had a right to draw on the partnership funds, the check when paid being the account against the partner in whose favor it was drawn." It further appears that the parties kept no correct account of their transactions, the books and method of transacting the business being very imperfect. The report proceeds as follows:

"I have stated an account between each partner and the firm as best I have been able, the items on each side of each partner's account being numbered. From said accounts I find that the plaintiff drew out of the partnership funds the

sum of $15,101.88, and that he has accounted for the sum of $15,588.73, leaving the firm indebted to him in the sum of $476.95; that the defendant has drawn out of the partnership funds the sum of $11,187.74, and that he has accounted for the sum of $8,404.72, leaving a balance due the firm from him of $2,783.02.

"The defendant testifies positively that he did not convert any of the partnership funds to his own use, but properly applied the same to the use of the firm, but at the same time is unable to give any detailed statement of his disbursements, having no account whatever of many of the large credits given him in the statement herewith returned.

"The testimony being general, I hold it to be an insufficient accounting in this case."

The sole question presented by appellant in this appeal is whether the defendant should be held liable for such of the partnership funds as came into his hands, and for which he could render no account, and as to which he could but testify generally that he did not convert the same to his own use.

**1. PARTNERSHIP: accounting by partner.**

It is contended that the question presented is the same as that determined in *Davenport v. Schutt*, 46 Iowa, 510. But we think the cases are quite different. In that case Davenport delivered to Schutt promissory notes, for the purpose of effecting loans by discounting the notes. Schutt, as the agent of Davenport, sold the notes and paid the proceeds to Davenport. It was held that there was no more obligation upon one party to keep books of account than the other, and that Schutt was not liable merely because he could not show an itemized statement of the transactions between the parties, and that being a credible person, and having testified positively that he had paid and disposed of all sums realized by him from plaintiff's notes as directed by the plaintiff, this, in the absence of some account or showing by Davenport that the proceeds of the notes were not accounted for, was a sufficient defense. In that case no confidence nor trust as to

the disposition of the proceeds of the notes was reposed in Schutt. He was to pay to Davenport, who could well have kept a correct account of all the notes deposited and payments made.

Here the relation of the parties is quite different. Each checked out the funds of the partnership at will, upon his own check, and it was the duty of each to account to the firm for what he drew out. If the defendant drew checks and obtained the money thereon its expenditure was a matter peculiarly within his own knowledge. The plaintiff was entitled to some showing more than a general statement that the proceeds of the checks were used for partnership purposes. "All partners having any charge of the business of the firm are bound to keep constantly, regular, intelligible and accurate accounts of all the business, and to give all the partners at all times access to them and to the means of verifying them." Parsons on Partnership, p. 527.

AFFIRMED.