[No. 5674. Decided September 15, 1905.]

JOSEPH ESCALLIER, *Respondent,* v. ARTHUR B. BAINES, *Appellant.*[1]

PARTNERSHIP—ACCOUNTING AND DISSOLUTION—FAILURE OF PARTNER TO ACCOUNT—FINDINGS AS TO SOLE MANAGEMENT—EVIDENCE—SUFFICIENCY. In an action to dissolve a partnership in the butchering business for failure of the defendant to account, a finding that defendant had sole management of the business is sustained by evidence that he, only, had experience in the business, ran the meat market, took in and paid out all the money, and the plaintiff was assigned to the stock and butchering grounds where the employees ignored him and followed the directions of the defendant.

SAME—DUTY TO KEEP ACCOUNTS—FINDINGS—IMMATERIALITY. In an action to dissolve a partnership, it is immaterial whether there is support for a finding that the defendant was the only member of the firm capable of keeping books, where it appeared that it was his duty to keep them.

SAME—WILFUL MISCONDUCT OF PARTNER—LOSS OF ASSETS—FAILURE TO ACCOUNT FOR LOSS—GENERAL STATEMENTS—ASSETS—DISTRIBUTION. In an action to dissolve a partnership, such gross and wilful misconduct on the part of the defendant is shown as to warrant a distribution of all the assets to the plaintiff, where it appears that the parties entered into a partnership in the butchering business, the defendant contributing an established business and the plaintiff $5,000 in cash, which was deposited in bank; that defendant had entire control of the business and handled all the money; that he failed to keep any records or accounts as required by the articles of copartnership, and in two and one-half months the entire assets, including accounts discoverable, amounted to less than $4,000, although he had previously been doing a profitable business, and that it was impossible to determine the actual amount of his indebtedness to the firm, and he offered no proof of any specific loss by the firm.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 21, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for an accounting and dissolution of a copartnership. Affirmed.

[1]Reported in 82 Pac. 181.

*James T. Burcham,* and *Happy & Hindman,* for appellant.
*Munter & Jesseph,* for respondent.

HADLEY, J.—This action involves a controversy over the distribution of partnership funds. On the 19th day of March, 1904, the plaintiff and defendants entered into a copartnership in the wholesale and retail butchering and meat business, to be conducted in the city and county of Spokane, and elsewhere in this state, as might be thereafter determined. The copartnership agreement was in writing. It provided that the partnership should begin on the date aforesaid and should continue as long as it should be agreeable to the partners. It was also provided that each of the partners should devote time, capital, and attention to the business, and should keep faithful record and account of the portion of the business of the partnership transacted by him, and render the same to the other partners when required. The amount of time, capital, and attention expected from each partner was not stated, general terms only being employed in that portion of the agreement.

The defendant Baines had theretofore, and for some years, been engaged in the same line of business, and for some time had been conducting such a business in the city of Spokane. As a part of the partnership arrangement, he sold his stock of meats on hand to the partnership, and turned into it as his contribution to its assets the good will of his business already established, and also the use of the furniture and fixtures used in connection therewith. The plaintiff contributed $5,000, cash, to the assets of the firm, but neither cash nor property was contributed by the other partner, the defendant Brooks. In a short time said Brooks, having contributed nothing except his services, withdrew from the firm, taking therefrom only sufficient cash to pay him for his services.

The defendant Baines had had much experience in the butchering and meat business, but the plaintiff had theretofore had no experience therein, which fact was well known to said Baines. By mutual consent Baines was assigned to the care and management of the meat market in the city. The $5,000 contributed by plaintiff was placed in the bank, and it was agreed that Baines alone should check against the same, or against any of the deposited funds of the firm. He conducted the sales of meat, received the cash therefor when cash was paid, and wholly managed the disposition of all the funds of the firm. The plaintiff was assigned to the stock and butchering grounds, but, being without experience as aforesaid, the experienced butchers who had theretofore been in the employ of Baines were continued in the employ of the firm. Meantime the plaintiff rendered services about the care of the stock. During the time Brooks continued with the firm—three or four weeks—he assisted about the meat market in the city and purchased some cattle, payment for which was, however, made by Baines from firm moneys.

The plaintiff withdrew nothing from the firm. He became dissatisfied with the way the business was going, and about a month after the partnership began, he asked Baines for an accounting and dissolution. A statement of the condition of the business was promised by Baines, but was postponed from time to time until about June 1st, when he furnished plaintiff a writing which showed a total of assets on hand, including unpaid accounts, of $3,906.76. A finding of the court is to the effect that, of the outstanding accounts which were included in said statement as a part of the assets, $619.17 remains uncollected, some of which is denied and most of which is uncollectible. The statement as furnished showed less total assets on hand, by the sum of $1,093.24, than plaintiff himself had paid into the firm two and one-half months before. Assuming that the court's finding as to the uncollectibility of accounts is

practically correct, the total available assets on hand at the
time Baines rendered his statement amounted to $1,712.41
less than plaintiff's cash contribution made to the firm two
and one-half months before.

At this juncture, no agreement as to accounting and dis-
solution of the partnership being reached, the plaintiff insti-
tuted this suit to effect such accounting and dissolution, and
a receiver was appointed to take charge of the partnership
assets. The receiver, having sold the tangible assets and
collected most of the outstanding accounts, deposited with
the registry of the court the sum of $3,146.67, and was
discharged. Thereupon, on stipulation of the parties, Adolph
Munter was appointed receiver, and he has since collected,
and has in his possession, $135.18. The court after hear-
ing evidence, made findings of facts and conclusions of law,
and entered a decree to the effect that the plaintiff is en-
titled to the whole of said sum now in the registry of the
court, and also to what is in the hands of said Munter as
receiver. It was further decreed that plaintiff is entitled
to receive from the receiver all the uncollected accounts
of the partnership, and the title thereto is vested in plain-
tiff. From said decree the defendant Baines has appealed.

The court made the following finding:

"That defendant Arthur B. Baines from the beginning
of said partnership had, until the date of the appointment
of said receiver, sole management and control of the said
business and of the books thereof, had received all moneys
whatsoever belonging to and which were received by said
copartnership, and made all the disbursements of moneys
for aforesaid copartnership."

It is complained that the above finding was not justified
by the evidence, at least, so far as related to the control
and management of the business. We think the finding as
a whole is substantially supported by the evidence. The
evidence certainly shows, at least to our satisfaction, that
appellant received and disbursed all the moneys. So far

as the matter of sole management and control of the business is concerned, we think that, for all practical purposes, the finding that appellant managed the business is correct. It is true the respondent rendered some services at the stock grounds, but the evidence does not show that his views as to the policy and method of management there were adopted, but rather the contrary in that his suggestions were ignored by the employees there, who were the former employees of appellant, and who followed the latter's views as to management under the partnership.

The following finding was made:

"That the defendant Baines was the only member of the firm capable of keeping any books or accounts, but that he failed to keep any books or accounts or even vouchers of money received or of disbursements made, except that for the first ten days of said copartnership he noted down the cash sales, and except that he preserved the bank checks and bank deposit books and the stubs of the checks drawn by him for the firm. That he received all of the moneys taken in either at retail for cash sales, or collected from retail or wholesale customers, without keeping any account whatever thereof except to give credit to the customers for their payments."

It is complained that there is no evidence to support that part of the above finding that appellant "was the only member of the firm capable of keeping any books or accounts." Even if it be true that said portion of the finding may not be supported by testimony, still the remainder of the finding is well supported by evidence. Appellant was the member of the firm who, by mutual consent, undertook to handle the cash, to make sales, and disburse the money for purchases and otherwise. Appellant himself admits that, after the first two weeks, he believed the business would not prove to be satisfactory, and that he ceased to keep accounts. The partnership agreement contained the provision that each member of the partnership "shall keep faithful record and account of the portion of the business of the partnership

transacted by him, and render same to the other partners
when required." Appellant failed to comply with the above
requirement.  He was the only member of the firm who
controlled and managed the funds, sales, collections, and
disbursements, and his work especially called for the keep-
ing of accounts under the firm agreement, and also in order
that such a record might be kept as would advise respondent
of the condition of the business.  The evidence shows that
very little money was handled by respondent, and that he
fully accounted for all of it, and paid it over to appellant.
The same is true as to the other partner Brooks, whose con-
nection with the firm was really no more than that of a
short-time employee.  It therefore became appellant's duty
to keep accounts, and it is immaterial whether respondent
or Brooks could, in fact, do so or not. The evidence shows
that, by reason of appellant's failure to keep accounts, it
became impossible to satisfactorily arrive at any definite
conclusion as to what became of the large amount of miss-
ing partnership assets in so short a time.  What is said
about possible variations in the market is of a purely general
and speculative character, and furnishes no basis for definite
computation.

The court entered, among others, the following conclusion
of law: "That the defendant Arthur B. Baines was guilty
of constructive fraud by his failure to keep books and ac-
counts." Appellant contends, that the misconduct shown
is not such as justifies the conclusion of the court; that he
is entitled to an equal division of the partnership assets
now under control of the court; and that the court should
not, under the facts shown, award to respondent any greater
sum than would be coming to him under an equal division
of the assets.

Appellant cites *Beachman's Assignees v. Eckford's Exe-
cutors*, 2 Sandf. Ch. (N. Y.) 116. In that case, however,
there was long delay in the settlement of accounts, and
the court for that reason stated that it regarded the delay

the fault of both parties, and that one was therefore as culpable as the other. The extreme reverse was true in the case at bar. A similar state of facts existed in *Garnett v. Wills* (Ky.), 69 S. W. 695, also cited by appellant. The partners were found to have been equally culpable in failing to keep proper accounts, and they had postponed settlement until one had died. Witnesses had also died, and by reason of the delay necessary records were lost or destroyed. It was held that, under such circumstances, a court of equity will not undertake to settle partnership accounts. Appellant cites, *Succession of Gassie*, 42 La. Ann. 239, 7 South. 454. There the only persons interested had made an extra-judicial settlement of the matters involved, and by their joint action had so involved affairs in confusion that a readjustment was impracticable. The court left the parties where it found them. We do not regard the above authorities as in point when applied to this case.

The theory upon which the judgment of the court below rests is that involved in the maxim *Omnia praesumunter contra spoliatorem*. Appellant argues that the maxim should be applied only in cases of wrongdoers who have actually destroyed or suppressed evidence of their wrongdoing. It may be replied that there would seem to be but little distinction, if any, in principle between the wilful suppression of existing evidence and the wilful neglect to create and preserve necessary evidence which one is under the duty to keep. Appellant cites *Knapp v. Edwards*, 57 Wis. 191, 15 N. W. 140. In that case the court merely held that the above maxim would not be applied to a case where the failure to perform a duty is due solely to incapacity. No such facts appear in the case now before us. Upon the contrary, the capacity of appellant amply appears. It is impossible now to ascertain the actual amount of appellant's indebtedness to the partnership at the time the receiver was appointed, unless we rely upon his own general statement that all funds were used for the benefit of the firm.

It is held that this is not sufficient; that a partner must keep an accurate and full account of funds drawn by him from the firm showing the disposition of the money, and that general testimony that they were used for the benefit of the partnership is not a sufficient accounting. *Webb v. Fordyce,* 55 Iowa. 11, 7 N. W. 385. To hold otherwise would put the culpable party, not only on an equal footing with the party against whom a duty is neglected, but in many cases would give him an actual advantage.

The rule applied by the trial court in this case was extensively discussed in *Bingham v. Keylor,* 25 Wash. 156, 64 Pac. 942. We think in essential features that case is controlling here. The court in that case quoted approvingly from 2 Lindley, Partnership (2d Am. ed.), p. 948, as follows:

"If no books of account at all are kept, or if they are so kept as to be unintelligible, or if they are destroyed or wrongfully withheld, and an account is directed by a court, every presumption will be made against those to whose negligence or misconduct the nonproduction of proper accounts is due."

The above stated rule applies directly to the case at bar. Appellant, however, contends that there must be evidence of the amount of the loss caused by the fraud, and that mere spoliation or suppression is not in itself evidence as to that fact. It is argued that this principle was recognized in *Bingham v. Keylor, supra,* and that the court stated. that there was some evidence in that case in addition to the mere fact of the suppression of the accounts and spoliation. The court quoted from *Askew v. Odenheimer,* Fed. Cas. No. 586, in which case it appears there was nothing shown in addition to the mere fact of spoliation except the respondent's oath in his answer. Even then the court said in the last named case that, if the master had reported any specific amount, it would not have disturbed the report. The argument of the court shows that even slight evidence is

sufficient; that "if it conduces to prove the charge, it is legally sufficient. Its weight or credibility is a matter of discretion and circumstance."

There was some evidence in the case at bar in addition to the mere fact of suppression and spoliation in the way of refusal to keep accounts. It is clear that the firm assets were reduced at the rate of about $500 per month during the short time the firm business was running. Appellant handled and controlled all the funds. He himself testified that he had theretofore done a profitable business, and it sufficiently appears that the business of this firm was, for the short time it was run, in practical effect managed and conducted under his general direction. He testified that he drew but $40 from the assets for his individual purposes. There was not satisfactory proof of any actual or special loss. We therefore think there was sufficient evidence, under the rule here invoked, and as discussed in *Bingham v. Keylor,* to establish in behalf of respondent that there was no actual loss; and if respondent is now willing to accept the amount awarded him instead of the $5,000 contributed by him only two and one-half months before the receiver was appointed, it would seem that appellant should not complain, in view of his gross and wilful neglect to discharge a duty which would have placed before the court the exact condition of the partnership affairs.

We believe the judgment was correct, within established rules, and it is affirmed.

Mount, C. J., Root, Dunbar, and Rudkin, JJ., concur.

Fullerton, J., took no part.