[No. 30051. Department One. March 20, 1947.]

STANLEY SIMICH, *Respondent and Cross-appellant,* v. DAVE
CULJAK, *Appellant,* STEVE PUHICH, *Respondent on
Cross-appeal.*[1]

*H. Sylvester Garvin* and *Newell J. Banks (Stanley C.
Soderland,* of counsel), for appellant.

[1]Reported in 178 P. (2d) 336.

*John J. Kennett* and *Fred C. Campbell,* for respondent and cross-appellant.

SIMPSON, J.—This case involves a judgment rendered in a partnership accounting. Defendant, Dave Culjak, has appealed, and the plaintiff has cross-appealed from the judgment of the trial court.

Assignments of error on the part of appellant are: in finding that appellant's failure to render a more complete accounting amounted to fraud; and in denying appellant any share in certain partnership assets.

Cross-appellant's assignments of error relate to the division of the partnership assets.

The history of the partnership is as follows: February 15, 1935, Dave Culjak, Stanley Simich, Vic Danich, and Steve Puhich, entered into a partnership agreement. The document signed by all parties provided in part that: The partners would engage in the mining of coal in King county under the name of New Lake Young Coal; the capital of the partnership would consist of two thousand dollars, contributed by the partners in equal shares, to this to be added needed capital which would be furnished by the members in equal shares; if any partner should put in additional capital, or leave any part of his profits in the business, it should be "considered a debt to him from the partnership"; all moneys received, not required for current expenses, should be deposited in a bank, to be paid out by check.

Other portions of the agreement provided:

"All losses happening in the course of the said business shall be borne in the same proportions, unless the same shall happen through the wilful neglect or default (and not the mistake or error) of either of the said partners, in which case the loss so incurred shall be made good by the partner through whose such neglect or default such losses shall arise. . . .

"Each partner shall, upon every reasonable request, give to the others a true account of all transactions relating to the firm's business, and full information of all letters, accounts, writings and other things which shall come into his hands or to his knowledge concerning its business. . . .

"Proper books of account shall be kept by the said part-

ners, and entries made therein of all such matters, transactions and things as are usually entered in books of account kept by persons engaged in the same or similar business. Such books, and all partnership letters, papers and documents shall be kept at the firm's counting-house or office, and each partner shall at all times have free access to examine, copy and take extracts from the same.  . . .

"That at the end of their partnership the said partners will make each to the other full and correct accounts of all things relating to their said business, and will in all things truly adjust the same; and that all the stock and effects, and the gains and increase thereof, which shall then appear to be remaining either in money, goods, wares, fixtures, debts or otherwise, shall be divided between them in the same shares and proportion that they have contributed the firm capital.

"Any partner laboring in or otherwise being actively engaged in the partnership business shall receive for such services such wage or compensation, in addition to his share of the profits, as the majority of the partners may agree upon or in accordance with the regular scale of wages for the kind and nature of services rendered by such working partner."

The mining venture was not profitable, and in 1942 a receiver was appointed to take charge of the partnership business and assets. The business was liquidated, and the receiver paid into court the sum of $3,126.59, for the benefit of the partners. Danich withdrew from the partnership June 28, 1939, and his interest is of no importance in the present litigation. January 25, 1943, the court entered its interlocutory order, dissolving the partnership and providing that the defendant partners, Dave Culjak and Steve Puhich, should make a

" . . . full, accurate, and complete account of all of the partnership assets and properties, the amount of money due each of the partners, and the interest of each of the partners in said partnership property and assets."

The accounting was made by way of an auditor's report and covered the business operations of the partnership as shown by its books from June 1, 1939, to June 10, 1942. Respondent filed exceptions to the report, and the trial was

had with the result that the court entered its decree which provided in part as follows:

"Each of the parties to this action at the time of entering into the partnership agreement on the 15th day of January, 1935, invested in said partnership business the sum of $500.00 each. That during the remainder of the year 1935 the plaintiff invested in said partnership an additional $5700.00, the defendant, Dave Culjak, an additional $2700.00 and the defendant, Steve Puhich, did not invest any further sum in said partnership. . . . The court finds that the defendant, Dave Culjak, was in full charge of the business of the partnership, acted as the manager thereof, received and disbursed substantially all cash belonging to the partnership; that he kept the time-books of all parties employed by the partnership. That at one time the said Culjak kept two sets of time-books covering the same period and a part of the same employees. That it appears from the time-books so kept that the said Culjak changed the entries in said time-books after the first entry with reference to his own time so as to increase his time allowance as it appears therein, thereby increasing his wages. That it also appears that shortly before the receiver of the partnership was appointed that the defendant, Culjak, withdrew $1700.00, the whole bank account of the partnership, from the bank in which it was deposited and deposited it in his own name. That for some time prior to the commencement of this action the defendant, Culjak, refused to allow the plaintiff to examine the books and accounts of the partnership. That no accounting has ever been made by the said defendants or either of them of the disposition of said $1700.00. That the defendants failed to file any account of the transactions of the partnership for the period from the date of the formation of said partnership until June 1939 and no account has been furnished for that period. That the court is unable to determine from the partial account furnished by the defendants or from the evidence introduced by them on trial what the actual condition of the partnership account is and what the actual amounts are which each of the partners would be entitled to had a correct account been kept. That the acts and omissions of the defendant, Culjak, in failing to keep proper books of account and failing to furnish plaintiff with a detailed account of the partnership business as ordered by the court is a fraud upon the plaintiff. . . . that from June 1, 1939, to and including June 10, 1942, the defendant, Steve Puhich, performed labor for the partnership of the

value of $5884.61. That he was paid on account of said labor the sum of $539.00. That said defendant is entitled to interest at 6% on yearly balances on the amounts due for said labor and thus computed there is due him $6895.65 in addition to his original investment of $500.00, making a total of $7395.65 due him.

"That during the same period the plaintiff, Stanley Simich, performed labor for the partnership of the value of $4373.26. That he was paid on account of said labor $609.00. That he is entitled to interest at 6% on yearly balances on said labor account and thus computed there is due him $4836.14 on said labor account. That in addition thereto plaintiff is entitled to his original investment of $500.00 and his subsequent investment of $5700.00, together with interest thereon at 6% from January 1, 1936 in the sum of $3534.00, making a total sum due plaintiff of $14,570.14. The court finds that the $3126.59 in the registry of this court should be divided between the plaintiff, Stanley Simich, and the defendant, Steve Puhich, in proportion to the total amounts due them respectively as hereinbefore found, except as hereinafter provided. . . .

"That there be and is hereby allowed to the plaintiff, Stanley Simich, his costs and disbursements herein taxed and allowed in the sum of $46.59. That said costs shall be first paid to the plaintiff or his said attorneys out of the sum on deposit in the registry of this court.

"Out of the balance of said sum there shall be paid to the plaintiff, Stanley Simich or his attorneys by said Clerk the sum of $2043.00.

"That the balance of said sum in the registry of this court, to-wit, the sum of $1037.00, shall be paid by said Clerk to the defendant, Steve Puhich or to his attorneys.

"That the defendant, Dave Culjak, is not entitled to any of said fund on deposit in the registry of this court."

The parties do not challenge the findings relative to the contributions of labor and money.

The business of the partnership, as reflected by the evidence contained in the statement of facts and the exhibits admitted in evidence, may be summarized as follows: All of the partners worked in or about the mine, except that respondent suffered an injury which incapacitated him for a period of thirteen months. Appellant was in charge of the business portion of the partnership venture and acted as

bookkeeper. The time books, vouchers, checks, sales slips, the books showing monthly expenses from March, 1935, to December 29, 1937, a ledger showing business transactions from January 3, 1938, to May, 1942, and the books showing cash receipts from January 2, 1939, to June 6, 1942, indicate that the bookkeeper had a fair knowledge of simple book-keeping. For this bookkeeping, he attempted to charge the sum of thirty dollars per month.

During the first year of the partnership, the partners contributed capital as follows: appellant thirty-two hundred dollars, respondent sixty-two hundred dollars, and Puhich five hundred dollars. The books show that the daily cash receipts from June 1, 1939, to June 10, 1942, make a total of $90,858.35. Although the business started in 1935, the record does not disclose the income nor the disbursements for the years 1935, 1936, 1937, or 1938.

█ It is the universal rule that partners are required to exercise the utmost good faith toward each other, and, where an accounting is had, it is the duty of a partner who manages, conducts, or operates a partnership business, to render complete and accurate accounts of all of the partnership business. This rule is grounded upon the theory that the managing partner is acting as a trustee for his firm. *Benedetto v. Di Bacco,* 83 W. Va. 620, 99 S. E. 170; *Hatten v. Interocean Oil Co.,* 182 Okla. 465, 78 P. (2d) 392, 116 A. L. R. 727.

█ When a managing partner who keeps the books is sued for settlement, he must sustain the burden of proof of the correctness of the account. In so doing, he. will be held to strict proof of the items of his account. This proof must be by way of the books of the firm, showing the income and expenses, together with the necessary vouchers and checks, and the amounts of the various items. *Escallier v. Baines,* 40 Wash. 176, 82 Pac. 181; *Gay v. Householder,* 71 W. Va. 277, 76 S. E. 450, Ann. Cas. 1914C, 297.

This court had occasion to consider the question of the duty of partners in *Bingham v. Keylor,* 25 Wash. 156, 64 Pac. 942. That case is not exactly in point, but does indicate the path to be traveled in deciding the issues in the case at bar.

The decided case involved a partnership between two doctors. The trial court on the preliminary hearing ordered an accounting and, in its order therefor, included the following significant and definite statement:

" 'And if, in the taking of such account, the particular items and exact amounts thereof be not shown by the defendant, and be not otherwise ascertainable, then that the losses thereby sustained by said plaintiff be ascertained and assessed and be charged against said defendant in lieu thereof and of defendant's failure to fully and truly account therefor; the same to be separately shown and stated.' "

This court, by affirming the judgment of the trial court, approved the statement made by it.

In passing upon the question of law involved, this court decided:

"If the agent *wholly* fails to recognize the duties and responsibilities imposed upon him by his situation, or so conducts himself that his services are of no value, it is entirely just and reasonable that he should receive no compensation whatever; and to this extent the law is well settled."

Again, we quoted with approval the statement from 2 Lindley, Partnership (2d Am. ed.) 948:

" 'If no books of account at all are kept, or if they are so kept as to be unintelligible, or if they are destroyed or wrongfully withheld, and an account is directed by a court, every presumption will be made against those to whose negligence or misconduct the non-production of proper accounts is due.' "

This court again announced its policy in *Escallier v. Baines, supra,* by holding: In an action to dissolve a partnership, such gross and wilful misconduct on the part of the defendant is shown as to warrant a distribution of all the assets to plaintiff, where it appears that the parties entered into a partnership in the butchering business, the defendant contributing an established business and the plaintiff five thousand dollars in cash, which was deposited in the bank; that defendant had entire control of the business and handled all the money; further, that he failed to keep any records or accounts as required by the articles of copartnership, and that in two and one-half months the entire assets,

including accounts discoverable, amounted to less than four thousand, where it appeared that previously he had been doing a profitable business, and that it was impossible to determine the actual amount of his indebtedness to the firm.

Appellant gave no reasonable explanation for his failure to supply the information relative to the business conducted during the first years of the partnership venture. Aside from his failure to account, the record discloses that appellant withdrew from the partnership account at the bank the balance, amounting to seventeen hundred dollars, which he deposited in his own account. He contends that he used the money for the partnership good but does not present any proof of his assertion.

From the record as presented here, we must hold that appellant is not entitled to take part in the division of the remaining partnership assets.

Little need be said of the cross-appeal. Respondent Puhich had nothing whatever to do with the partnership business. All he did was to supply money and work. He had no way of making an accounting. Cross-appellant argues that Puhich had the same access to the books and records of the partnership as did appellant. Cross-appellant was in the same condition, so he cannot complain.

After a careful reading of the record, and a study of the authorities, we conclude that the judgment of the trial court was correct. The judgment is therefore affirmed.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and ABEL, JJ., concur.

---

May 9, 1947. Petition for rehearing denied.