320

[No. 1308-1.　Division One—Panel 2.　July 17, 1972.]

JOHN CEDERLUND, *Respondent*, v. THERON CEDERLUND, *Appellant*.

*Robert Burks,* for appellant.

*Madden & Poliak* and *William J. Madden,* for respondent.

WILLIAMS, J.—The plaintiff, John Cederlund, brought this action against Theron Cederlund, the defendant, for an accounting and dissolution of their partnership. The cause was tried to the court, and judgment was entered dissolving the partnership and awarding to the plaintiff the sum of $11,831.40. From this judgment, the defendant appeals.

There would be no useful purpose to detail the events occurring during the period of the partnership, which commenced in 1948. It is sufficient to say that the parties were equal partners in the operation and charter of two boats. Appellant kept the partnership records and financial accounts, which, it developed at the trial, consisted largely of boxes of uncorrelated receipts, check stubs, and income tax returns. The court found that appellant converted $26,600 of partnership funds to his own use, which, after credits and equal division, left him owing respondent $11,831.40.

The essence of appellant's assignments of error is that the court's accounting procedures were incorrect. We hold that the court's accounting was as good as could be

expected under the circumstances; and that inaccuracies, if any, were the fault of appellant, who cannot be heard to complain.

The controlling statute is RCW 25.04.210, which states:

(1) Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

(2) This section applies also to the representatives of a deceased partner engaged in the liquidation of the affairs of the partnership as the personal representatives of the last surviving partner.

This rule of law was applied in *In re Estate of Tembreull*, 37 Wn.2d 93, 221 P.2d 821 (1950), where it was said at page 102:

"When a managing partner who keeps the books is sued for settlement, he must sustain the burden of proof of the correctness of the account. . . ."

" ' ". . . [I]f they are so kept as to be unintelligible, . . . every presumption will be made against those to whose negligence or misconduct the non-production of proper accounts is due." ' "

*Accord, Waagen v. Gerde*, 36 Wn.2d 563, 219 P.2d 595 (1950); *Simich v. Culjak*, 27 Wn.2d 403, 178 P.2d 336 (1947).

Our examination of the record discloses that there is substantial evidence to support the findings of the trial court. An accountant witness called by appellant indicated that certain draws and a salary credit in 1964 were deductible. However, we are unable to determine whether or not the deductions were actually made and, if so, from what. Respondent's wife, who went through the boxes of records and financial accounts, established that the partnership had received a large amount of money. As noted, it was then appellant's burden to produce proof that the money was either on hand or had been properly spent. His failure to discharge this burden means that he, not respondent,

322

must suffer from inaccuracies and uncertainties in the evidence.

Affirmed.

FARRIS, A.C.J., and SWANSON, J., concur.

Petition for rehearing denied September 12, 1972.